UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN RAY WOODS, JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY UTTECHT,<br><br>　　　　　Respondent. | CASE NO. 3:18-cv-05559-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 23, 2018 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner John Ray Woods, Jr. filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 6. Petitioner has also filed a Motion to Strike/Dismiss ("Motion to Strike"), raising the same arguments as he does in his Petition and requesting the same relief. Dkt. 9. The Court concludes the Petition is time-barred, Petitioner is not entitled to equitable tolling, and recommends the Petition be dismissed with prejudice. The Court also finds the Motion to Strike is not contemplated under the Federal or Local Rules, and so also recommends it be denied.

BACKGROUND

On February 2, 2016, Petitioner pled guilty to assault in the third degree, harassment, tampering with a witness, and three counts of violation of a no contact order. Dkt. 13, Exs. 1-3. Petitioner was sentenced to and is currently serving fifty-seven months of imprisonment. *See id*. at Ex. 3. Petitioner did not challenge his convictions or sentences on direct appeal. *See* Dkt. 12. But, Petitioner filed nine post-conviction motions challenging his convictions and sentences.

**First PRP**

On December 2, 2016, Petitioner filed a motion to dismiss due to lack of jurisdiction. Dkt. 13, Ex. 5. The Pierce County Superior Court ("trial court") transferred the motion to dismiss to the Washington State Court of Appeals ("state court of appeals") to be considered as an application for a state collateral attack, a Personal Restraint Petition ("PRP"). *See id*. at Ex. 6. The state court of appeals dismissed Petitioner's first PRP on March 28, 2017. *Id*. at Ex. 9. The state court of appeals issued a certificate of finality, stating the PRP became final on April 28, 2017. *Id*. at Ex. 10. Petitioner did not seek review from the Washington Supreme Court. *See id*.

**Second PRP**

On January 24, 2017, Petitioner filed a motion to vacate, which was transferred to the state court of appeals to be considered as a PRP, Petitioner's second PRP. Dkt. 13, Exs. 11, 12, 13. On May 19, 2017, the state court of appeals dismissed the second PRP on the ground of abandonment because Petitioner did not pay the filing fee or file a statement of finances. *Id*. at Ex. 14. The state court of appeals issued a certificate of finality, stating the second PRP became final on June 20, 2017. *Id*. at Ex. 15. Petitioner did not seek review from the Washington Supreme Court. *See id*.

**Third PRP**

On March 1, 2017, Petitioner filed a motion for relief from judgment, which was transferred to the state court of appeals to be considered as a PRP, Petitioner's third PRP. Dkt. 13, Exs. 16, 17. On May 19, 2017, the state court of appeals dismissed the third PRP on the ground of abandonment because Petitioner had again failed to pay the filing fee or a statement of finances. *Id*. at Ex. 18. The state court of appeals issued a certificate of finality, stating the PRP became final on June 20, 2017. *Id*. at Ex. 20. Petitioner did not seek review with the Washington Supreme Court. *See id*.

**Fourth PRP**

On April 28, 2017, Petitioner filed a "Motion to Vacate Void Judgment," which the Court transferred to the state court of appeals to be considered as a PRP, Petitioner's fourth PRP. Dkt. 13, Ex. 21, 22, 23. Petitioner did file a state of finances. *Id*. at Ex. 24. However, on September 27, 2017, the state court of appeals dismissed Petitioner's fourth PRP as time barred pursuant to RCW 10.73.100, and Petitioner had not shown any exceptions to allow him to avoid the time bar. Dkt. 25. The state court of appeals issued a certificate of finality, stating the PRP became final on October 30, 2017. *Id*. at Ex. 26. Petitioner did not seek review with the Washington Supreme Court. *See id.*

**Fifth PRP**

On August 14, 2017, Petitioner filed a motion to vacate the legal financial obligations (LFO) imposed in his judgment ("motion to vacate"), and "Motion for Relief From Judgment Pursuant to CrR 7.8 and CrR 4.2(d)." Dkt. 13, Exs. 27, 28. The superior court denied Petitioner's motion to vacate and transferred his filings to the state court of appeals to be considered as a PRP, Petitioner's fifth PRP. *Id*. at Exs. 29, 30, 31. However, on February 21, 2018, the state

court of appeals dismissed Petitioner's fifth PRP as time barred pursuant to RCW 10.73.100, and Petitioner had not shown any exceptions to allow him to avoid the time bar. *Id*. at Ex. 32. The state court of appeals issued a certificate of finality, stating the PRP became final on March 26, 2018. *Id*. at Ex. 33. Petitioner did not seek review with the Washington Supreme Court. *See id*.

**Sixth PRP**

On December 7, 2017, Petitioner filed a "Motion to Arrest Judgment Due to Lack of Jurisdiction," which was transferred to the state court of appeals to be considered as a PRP, Petitioner's sixth PRP. Dkt. 13, Exs. 34, 35, 36. However, on March 20, 2018, the state court of appeals dismissed Petitioner's sixth PRP on the ground of abandonment because Petitioner had again failed to pay the filing fee or a statement of finances. *Id*. at Ex. 37. The state court of appeals issued a certificate of finality, stating the PRP became final on April 20, 2018. *Id*. at Ex. 38. Petitioner did not seek review from the Washington Court of Appeals. *See id*.

**Seventh PRP**

On April 12, 2018, petitioner filed a "Motion to Dismiss" his underlying criminal conviction, which was transferred to the state court of appeals to be considered as a PRP, Petitioner's seventh PRP. Dkt. 13, Exs. 39, 40, 41. However, on August 21, 2018, the state court of appeals dismissed Petitioner's seventh PRP as time barred pursuant to RCW 10.73.100, and Petitioner had not shown any exceptions to allow him to avoid the time bar. *Id*. at Ex. 43. There is no indication whether the state court of appeals issued a certificate of finality. *See id*.

**Eighth PRP**

On April 30, 2018, Petitioner filed a motion for relief from judgment, which was transferred to the state court of appeals to be considered as a PRP, Petitioner's eighth PRP. Dkt. 13, Exs. 44, 45, 46. However, on July 10, 2018, the state court of appeals dismissed Petitioner's

eighth PRP on the ground of abandonment because Petitioner had again failed to pay the filing fee or a statement of finances. *Id.* at Dkt. 47. There is no indication whether the state court of appeals issued a certificate of finality. *See id.*

**Ninth PRP**

On July 5, 2018, petitioner filed a "Notice for dismissal for Lack of Jurisdiction," which was transferred to the state court of appeals to be considered as a PRP, Petitioner's ninth PRP. Dkt. 13, Exs. 48, 49, 50. The decision is not included in Respondent's submission of the state court record because the ninth PRP was still pending before the state court of appeals when Respondent made the filing. *See* Dkt. 12, p. 6. Respondent states, at the time of filing, the state court of appeals had acknowledged the petition, but was still waiting on either a filing fee or a statement of finances from Petitioner. *Id.*; Dkt. 13, Ex. 50.

**Federal Habeas Petition and Motion to Strike**

On July 16, 2018, Petitioner filed the Petition. Dkts. 1, 5. [1] On August 6, 2018, Petitioner filed the Motion to Strike asking the Court to dismiss his underlying criminal conviction. Dkt. 9. On August 15, 2018, Respondent filed a Response, arguing the Motion to Strike is essentially asking for the same relief as Petitioner's underlying Petition, and would therefore be improper. Dkt. 10. On September 6, 2018, Respondent then filed his Answer to Petitioner's Petition, wherein he asserts the Petition was filed outside of the one-year statute of limitations. Dkt. 12. Respondent maintains the Petition is therefore time-barred and should be dismissed with

---

[1] Under the prison "mailbox rule," a petition is deemed filed for purposes of AEPDA's statute of limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001).

REPORT AND RECOMMENDATION - 5

prejudice. *Id.*[2] Petitioner has not responded to Respondent's Answer. *See* Dkt. On September 26, 2018, the Court re-noted Petitioner's Motion to Strike to be considered at the same time as the merits of Petitioner's Petition. Dkt. 15. The Court makes a recommendation on both Petitioner's Petition and his Motion to Strike in this Report and Recommendation.

## DISCUSSION

**I.  Timeliness**

Petitioner filed his Petition on July 16, 2018. Dkts. 1, 5. However, Respondent argues Petitioner filed his Petition after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, and further argues Petitioner is not entitled to any form of tolling that would excuse the late filing. Dkt. 12. Petitioner has not responded to this argument.

A.  Statute of Limitations

Pursuant to the AEDPA, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] After review of the record, the Court concludes an evidentiary hearing is not necessary in this case. *See* 28 U.S.C. §2254(e)(2) (1996).

If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005).

Here, the judgment and sentence in Petitioner's underlying conviction became final for purposes of § 2254(d)(1) on March 3, 2016. Petitioner's judgment and sentence was entered on February 2, 2016. Dkt. 13, Ex. 3. Petitioner had thirty days after that date to seek appellate review with the state court of appeals. *See* RAP 5.2(a) (notice of direct appeal must be filed within 30 days of entrance of the judgment). Thus, Petitioner had until March 3, 2016 to file a direct appeal, which he either declined or failed to do. *See* Dkt. 13. Therefore, Petitioner's judgment became final and the AEDPA limitations period began to run on March 3, 2016. *See Gonzalez*, 565 U.S. at 149-50 (judgment becomes final under § 2244(d)(1)(A) when the time for pursuing direct review expires).

The AEDPA limitations period ran for 274 days, then, on December 2, 2016 -- the date Petitioner filed his first PRP -- the limitations period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See* Dkt. 13, Ex. 5. The statute of limitations, therefore, stopped running from December 2, 2016, until April 28, 2017 -- the date on which Petitioner's first PRP became final. *See Carey v. Saffold,* 536 U.S. 214, 220 (2002) (an application remains "pending" "until the application has achieved final resolution through the State's post-conviction procedures"); *Corjasso v. Ayers*, 278 F.3d 874, 879 (9th Cir. 2002) (finding the statute of limitations remains tolled until the state collateral attack becomes final). When his first PRP became final, Petitioner had 91 days (for a total of 1 year) remaining to file his Petition. In other words, the tolling from his first PRP gave Petitioner until July 28, 2017 to file a timely federal habeas petition.

1 | Petitioner is not entitled to statutory tolling for any of his remaining eight PRPs. 28
2 | U.S.C. § 2244(d)(2) allows for tolling when a "properly filed" state collateral attack is pending
3 | before the state courts. *See Pace*, 544 U.S. at 410 (noting only a "properly filed" state collateral
4 | attack will toll the AEDPA statute of limitations). However, an application for state relief from a
5 | conviction "is '*properly* filed' when its delivery and acceptance are in compliance with the
6 | applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in
7 | original). A petitioner must observe all the "condition[s] to filing," such as submission of the
8 | filing fee and timeliness of the petition, in order for an application for state relief to be "properly
9 | filed." *Pace*, 544 U.S. at 413.

10 | Here, Petitioner's second, third, sixth, and eighth PRPs were all dismissed by the state
11 | court of appeals for abandonment because Petitioner had failed to file either the filing fee or a
12 | financial statement with the state court of appeals. Dkt. 13, Exs. 14, 18, 37, 47. Failure to provide
13 | a filing fee or a financial statement is a condition of filing, and so failure to do so indicates
14 | Petitioner's second, third, sixth, and eighth PRPs were not properly filed. *See Artuz*, 531 U.S. at
15 | 8 (noting the form of the document, the time limit on delivery, the court where it should be filed,
16 | and filing of a filing fee are examples of the rules a petitioner must adhere to in order to
17 | "properly file" a state application for relief). Thus, Petitioner is not entitled to statutory tolling
18 | for the periods in which he pursued his second, third, sixth, and eighth PRPs.

19 | In addition, Petitioner's fourth, fifth, and seventh PRPs were all explicitly dismissed by
20 | the state court of appeals because they were filed outside the state one-year statute of limitations.
21 | Dkt. 13, Exs. 25, 32, 43. The Ninth Circuit has clearly stated an application for state post-
22 | conviction relief that is dismissed as untimely is not "properly filed" for purposes of § 2244.
23 | *Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, that [is] the
24 |

1  end of the matter for purposes of § 2244(d)(2)") (internal quotations omitted). Thus, because
2  Petitioner's fourth, fifth, and seventh PRPs were not filed within the state statute of limitations
3  and so were not properly filed, Petitioner is not entitled to statutory tolling for the periods in
4  which he pursued those PRPs.

5  Finally, at the time of filing Respondent's Response, Petitioner's ninth PRP was still
6  pending in the state courts. *See* Dkt. 13, Ex. 50. Though Respondent admits that PRP may
7  eventually be accepted on the merits, he notes it was filed on July 5, 2018. Dkt. 12, p. 16; Dkt.
8  13, Ex. 49. Because of the tolling caused by the filing of Petitioner's first PRP, the AEDPA
9  statute of limitations lapsed on July 28, 2017. Applications for state post-conviction relief filed
10 after the AEDPA statute of limitations has run do no reset the statute of limitations, nor may they
11 be used to calculate additional statutory tolling. *See Ferguson v. Palmateer*, 321 F.3d 820, 823
12 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that
13 has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001)
14 (failure to file a state habeas petition before the AEDPA statute of limitations had run "resulted
15 in an absolute time bar to refiling [even] after his state claims were exhausted"). Thus, because
16 Petitioner filed his ninth PRP well after the AEDPA statute of limitations had run, he cannot rely
17 on his ninth PRP for any additional statutory tolling.

18 Petitioner filed the Petition on July 16, 2018, which was almost one year after the
19 limitations period expired.  As Petitioner did not file the Petition within one year of his judgment
20 and sentence becoming final, and Petitioner has only shown he is entitled to statutory tolling for
21 his first PRP, the Court finds the Petition is untimely.

B. Equitable Tolling

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. Appx. 839, 840 (9th Cir. 2005). In response to a question on the § 2254 form regarding the timeliness of Petitioner's Petition, Petitioner indicates: "[t]he judgment is void, the guilty plea is invalid and the court lacked jurisdiction to enter judgment. Also jurisdiction can be challenged any time." Dkt. 6, p. 13. However, Petitioner's response merely presents legal argument challenging jurisdiction and makes no reference to any allegations showing he experienced some extraordinary circumstance that prevented the timely filing of his Petition.

Further, Petitioner's serial filings of PRPs in the state courts, even after the state court of appeals told him his PRPs were untimely, indicate Petitioner was not, in fact, diligently attempting to pursue his rights. Rather, it indicates he continued to file motions knowing the state courts would likely reject them. Petitioner has provided no further argument or evidence he was subject to some extraordinary circumstance that prevented him timely filing his Petition. He includes no such argument in the Petition itself, nor in his Motion to Strike. He also has not filed any other Traverse or other document that indicates he believes he is entitled to equitable tolling.

1    Thus, Petitioner has not demonstrated he is entitled to equitable tolling. Therefore, the

2 Court finds Petitioner's Petition is time barred and Petitioner is not entitled to equitable tolling to

3 avoid the time bar.[3]

4 **II.     Motion to Strike**

5    Before Respondent filed his Response, Petitioner filed a Motion to Strike, asking the

6 Court to dismiss his underlying criminal convictions. Dkt. 9. However, that Motion requests the

7 Court to "vacate[] the judgment [of the Pierce County Superior Court], strike the complaint or

8 dismiss with prejudice and release John Ray Woods, Jr. immediately." Dkt. 9, p. 13. This is the

9 same relief sought in the Petition and as a result, Petitioner's Motion to Strike is essentially a

10 second petition for habeas relief. Thus, to the extent Petitioner uses this Motion to Strike to

11 bolster his Petition, it should also be denied on the same grounds as the Petition. Further, the

12 Motion to Strike should also be denied to the extent it is considered a stand-alone motion as what

13 he presents is not contemplated by the Federal Rules or Local Rules.  The Court therefore

14 recommends the Motion to Strike also be denied.

15                             CERTIFICATE OF APPEALABILITY

16    A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

17 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

18 (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

19 may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

20 constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

21 that jurists of reason could disagree with the district court's resolution of his constitutional

---

[3] Respondent also asserts the Petition should be denied because Petitioner failed to exhaust his state court remedies and is now procedurally barred in federal court. Dkt. 12. As the Court finds the Petition is time-barred, the Court declines to discuss Respondent's additional argument.

REPORT AND RECOMMENDATION - 11

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## CONCLUSION

Petitioner's Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. Petitioner's Motion to Strike should be denied. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 23, 2018, as noted in the caption.

Dated this 6th day of November, 2018.

David W. Christel
United States Magistrate Judge